OPINION OF THE COURT
Joseph Harris, J.
Defendant appeals from a judgment of the Police Court of the City of Albany (Keegan, J.), rendered December 4, 1986, convicting defendant upon his plea of guilty of the crime of assault in the third degree, a class A misdemeanor. For this offense, defendant was sentenced to a term of nine months in the Albany-County Jail. Defendant was further adjudged to be in contempt of court, for which an additional 60-day term of imprisonment was imposed.
Defendant contends that he was deprived of his constitutional right to counsel in the court below, that his behavior did not warrant a finding of contempt of court, and that the *455 Police Court lacks the requisite statutory power to punish for a criminal contempt.
By decision and order dated August 26, 1987, this court dismissed defendant’s appeal from his Penal Law conviction upon the ground there had been no filing of a notice of appeal or affidavit of errors.
The remaining issue on this appeal presents the question of whether Albany Police Court possesses the authority to punish for criminal contempt. Oral argument was held on September 1, 1987.
Initially, section 750 of the Judiciary Law reposes the power to punish for criminal contempts only in courts of record. With respect to courts not of record, subdivision (C) of said section recites: "A court not of record has only such power to punish for a criminal contempt as is specifically granted to it by statute and no other.”
It is undisputed that Albany Police Court is not a court of record. Where then, if anywhere, does it derive powers of criminal contempt?
The answer is UCCA 2300 (c) (2) and 2005. UCCA 2300 (c) (2) recites: "Article 20 of this act, and such other provisions hereof as are not concerned exclusively with civil jurisdiction, practice and procedure, shall apply to that court established in and for each city of the state, outside of the city of New York, which exercises the most substantial criminal jurisdiction of any court established in and for such city.” Unquestionably, in and for the City of Albany that court is the Albany Police Court.
UCCA 2005 grants courts under its jurisdiction the power "to punish for criminal contempt a person guilty thereof in the manner and subject to the limitations prescribed for courts of record by the judiciary law.”
Nevertheless, it is well established that where, as here, the defendant was committed for criminal contempt, occurring in the immediate view and presence of the court, the Judge must set forth the particular circumstances of his offense in the mandate of commitment, which is reviewable by a proceeding in Supreme Court under CPLR article 78 (Judiciary Law § 752). The court below having failed to issue any mandate of commitment, the judgment punishing the defendant for criminal contempt is defective and must be vacated!